IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Christopher T. Wilder,

Plaintiff,

vs.

Officer James Wint; Lt. Alley; Corporal Mr. Lee Cook; Lt. Mr. Jason; Lt. Ms. Cobb; Lt. Ms. Lori; Sgt. Renittia; Lt. Ms. Amanda; Sgt. Ms. Ashley Owens,

Defendants.

C/A No. 0:23-cv-2747-JFA-PJG

**OPINION AND ORDER**

## I. INTRODUCTION

Plaintiff Christopher T. Wilder, ("Plaintiff"), proceeding pro se, brings this this civil rights action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the complaint and amended compliant pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, the Magistrate Judge assigned to this action issued an order informing Plaintiff that the amended complaint contained several deficiencies as drafted and providing him with time to file a second amended complaint to correct those deficiencies. (ECF No. 36). Plaintiff filed a second amended complaint on November 27, 2023.

After reviewing the second amended complaint, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 43). Within the Report, the Magistrate Judge opines that the second amended complaint still fails to state a viable claim and should be summarily dismissed without prejudice and issuance of service of process. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the Report on January 11, 2024. (ECF No. 49). Thus, this matter is ripe for review.

## II.   STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore, no further recitation is necessary here. (ECF No. 43). In essence, Plaintiff has asserted claims for deliberate indifference to a serious medical need in violation of the Fourteenth Amendment. However, the Report concludes

that Plaintiff has failed to explain how the individual defendants were personally involved in the purported denial of medical care because Plaintiff did not provide any facts about the named defendants. Despite his various amendments, Plaintiff still fails to provide allegations about the defendants that would plausibly show that the defendants were deliberately indifferent to his medical needs.

In response, Plaintiff has filed objections which repeat many of the vague and general assertions previously included in his complaints. For instance, Plaintiff states that he believes "all defendants played a part in deprivation to Plaintiff's medical needs by failure to transport to medical." (ECF No. 49, p. 1). Plaintiff further avers that "all named unnamed defendants failed to provide medications prescribed, regular/requested physician visit." *Id.*(written as it appears in original). As noted in the Report, Plaintiff has only provided "conclusory allegation that each defendant did not allow him to receive medical care without explaining which medical problem was at issue, whether and how each defendant was aware of it, how they prevented him from receiving medical care, and how he was injured by each defendant's actions." (ECF No. 43, p. 2-3). These objections only further that trend and do nothing to improve Plaintiff's claims. Accordingly, Plaintiff's objections point to no error in the Report and are therefore overruled.

## IV.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 43). For the reasons discussed above and in the Report, this

action is summarily dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

February 14, 2024
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge